**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ANSON CHI, ID #312275, ) <br> Plaintiff, ) <br> vs. ) No. 3:13-CV-4836-B-BH <br> ) <br> JOHN DOE #1, et al., ) <br> Defendants. ) Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed as frivolous.

**I. BACKGROUND**

Anson Chi(Plaintiff), an inmate in the Collin County jail, filed this *pro se* action against numerous named and unnamed defendants, including police officers, medical personnel, two hospitals, FBI agents, the City of Plano, and an Assistant United States Attorney on December 11, 2013. He claims that in June of 2012: 1) four Plano police officers tortured him and attempted to murder him by having him injected with lethal chemicals through an IV for two days while he was a patient at Parkland Hospital; 2) those officers attempted to shoot him in his hospital bed and to make it appear that he had shot himself; 3) he only confessed so that the officers would not torture him anymore; 4) medical personnel at Parkland either encouraged and assisted the officers in their efforts to kill him, or they failed to protect him from the torture; 5) other medical personnel, the two hospitals, and the Assistant U.S. Attorney conspired with the police officers to falsify his medical records to remove reference to this police misconduct; 6) the FBI agents did not remedy or address the situation after Plaintiff informed them about the attempted murder and torture; 7) the City of Plano does not have a policy to ensure that suspects in custody are free from attacks by officers; and 8) a psychologist appointed to examine Plaintiff to determine his competency to stand trial in federal

court made false statements in his report, in which he opined that Plaintiff had experienced a brief psychotic disorder associated with the medication he received while hospitalized. (doc. 3 at 3-4, 9-16, 37-38). Plaintiff seeks monetary damages from each defendant. *Id*. at 4.

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff asserts that police officers tortured and attempted to kill him through the use of drugs administered intravenously and through a botched fake suicide while he was a patient at a hospital. The other defendants allegedly either assisted in the torture and attempted murder or conspired to cover them up. He alleges no factual support for his claims of a wide-ranging conspiracy to kill him. Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's claims lack an arguable basis in fact and appear to be based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28; *Simmons v. Payne*, 170 Fed. App'x 906, 907-08 (5th Cir. Mar. 17, 2006) (district court did not abuse its discretion by finding that the assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional); *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world).[1] His complaint should be dismissed as frivolous.

---

[1] *See also Garrett v. Muller*, No. 6:12-cv-581-CL, 2012 WL 1682585, at *1 (D. Or. May 11, 2012) (finding irrational and incredible complaint alleging a vast government conspiracy of numerous members of the military, FBI agents, the Catholic church, public defenders, judges, and the U.S. Secretary of Defense to take the plaintiff's child away from her, and to generally torture and harass her); *Marshall v. Stengel*, 3:10CV-159-S, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010) (finding allegations of conspiracy to cover up the wrongful actions of a multitude of state and federal officials, who had been targeting, terrorizing, and tormenting the plaintiff for numerous years, to be fantastic and delusional); *Duvall v. Crawford*, No. 05-4170-CV-C-NKL, 2005 WL 3590938, at *1 (W.D. Mo. Dec. 29, 2005) (finding incredible allegations of a conspiracy, including the former prosecutor who was a judge at the time of suit, to have the plaintiff murdered to prevent him from testifying as to a scheme by the Department of Corrections to defraud Medicaid)

### III. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 19th day of December, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.